UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVE FOUCHE,

Plaintiff,

- against -

COMPLAINT AND
JURY TRIAL DEMAND

CAPTAIN REGINALD PATTERSON, Shield No. 1306,
C.O. EPIFANIO VASQUEZ, Shield No. 534,
C.O. "JOHN DOES" 1-7 and THE CITY OF NEW YORK,

Defendants.
-----------------------------------------------------------------------X

Plaintiff, STEVE FOUCHE, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the supplemental jurisdiction of this Court, also seeks compensatory and punitive damages for battery and false arrest.

## VENUE

5. Venue is properly alleged in the Southern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, STEVE FOUCHE, was and is a natural person, presently resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant CAPTAIN REGINALD PATTERSON, Shield No. 1306 (hereinafter "PATTERSON") was and is a natural person, employed as a correction captain by the Department of Correction of defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant C.O. EPIFANIO VASQUEZ, Shield No. 534 (hereinafter "VASQUEZ") was and is a natural person, employed as a correction officer by the Department of Correction of defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendants C.O. "JOHN DOES" 1-7 were and are natural persons, employed as a correction officers by the Department of Correction of defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about May 14, 2015, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the supplemental claims herein accrued.

**AS AND FOR A FIRST CAUSE OF ACTION**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**AND THE CITY OF NEW YORK**
**(42 U.S.C. §1983)**

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" hereinabove as if more fully set forth at length herein.

17. On or about February 26, 2015, at approximately 6:45 P.M., plaintiff was lawfully present inside the Benjamin Ward Central Visit Building located on Rikers Island, in the County of Bronx, City and State of New York.

18. Plaintiff was present, with two friends, Tone Charles and Jeku Carter, to visit an inmate at the George R. Vierno Center, a jail located on Rikers Island.

19. Plaintiff had been issued a visitor's slip permitting him to visit the inmate he intended seeing and was seated with Mr. Charles, waiting for the bus that would take him to the George R. Vierno Center.

20. Mr. Carter, however, had been taken aside to be searched.

21. Rather than being searched, however, Mr. Carter had been kept waiting in line for approximately fifteen minutes.

22. Ultimately, Mr. Carter had a verbal altercation with the correction officer who had kept him waiting, resulted in his being told that his visiting privilege was canceled.

23. Mr. Carter began to leave the visitor's center, accompanied by six to eight correction officers, identified herein as C.O. "JOHN DOES" 1-7 and including, upon information and belief, defendant PATTERSON.

24. At this point, plaintiff and Mr. Charles also decided to leave Rikers Island rather than make their visit.

25. Upon leaving the visit center, Mr. Carter continued to exchange words with the aforementioned defendants.

26. At this point, Mr. Carter was approximately eight to ten feet ahead of plaintiff and the defendants were four to six feet behind him.

27. In an attempt to defuse the situation, plaintiff stepped between Mr. Carter and the defendants and told his friend to relax.

28. One of the defendants who was behind plaintiff grabbed him by his right shoulder and threw him up against the side of a building.

29. Pressing a forearm to plaintiff's chest, one of the defendants held him forcefully against the wall of the building.

30. Plaintiff said to him, "What are you doing? I'm going home."

31. Plaintiff's next memory is of waking up in a cage back in the Central Visit Building, handcuffed and bleeding from his head and face.

32. Mr. Carter, who was confined to a cage next to the one in which plaintiff was being held, told plaintiff that he had been struck by several correction officers, at least one of whom had hit him with a baton.

33. After spending between one and one-half hours in the aforementioned cage, plaintiff was taken out and transported by ambulance to Elmhurst Medical Center.

34. At Elmhurst Medical Center, plaintiff received six staples to close a wound to his head.

35. Once the wound to plaintiff's head had been closed, he was taken back to Rikers Island and then, upon information and belief, to the Vernon C. Bain Center, where he was placed under arrest by defendant VASQUEZ, and was then transported to Bronx Central Booking.

36. Plaintiff was brought before a Judge of the Criminal Court of the City of New York at approximately 3:00 P.M. on February 28, 2015, at which time, on the complaint of defendant VASQUEZ, based upon information allegedly provided to him by defendant PATTERSON, plaintiff was falsely and maliciously charged with assault in the third degree, an A misdemeanor; menacing in the third degree, a B misdemeanor; obstruction of governmental administration in the second degree, an A misdemeanor; and harassment in the second degree, a violation.

37. Plaintiff was released on his own recognizance after spending approximately forty-four hours in custody.

38. Plaintiff has been compelled to appear in court on nine occasions subsequent to his arraignment.

39. The individual defendants violated plaintiff's right to be arrested only with probable cause therefor, and to not be subjected to excessive force, both guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that, acting under color of state law, and without having any probable cause whatsoever to do so, they falsely and maliciously arrested and imprisoned plaintiff and severely battered him, thereby causing him personal injury.

40. Because of the aforementioned acts committed by the individual defendants, plaintiff suffered a deprivation of his right to be arrested only with probable cause and his right to be free of excessive force, and, as a result, was deprived of his liberty; suffered, and continues to suffer, serious, permanent and disfiguring physical injury; incurred expenses for legal representation; was unable to take employment that had been offered to him; suffered other economic injury; and incurred expenses for medical treatment.

41. By reason of the unconstitutional and illegal actions taken against him by the individual defendants, plaintiff has been damaged in an amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
**AGAINST DEFENDANTS PATTERSON, DOES 1-7**
**AND THE CITY OF NEW YORK**
**(Battery)**

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "41" hereinabove as if more fully set forth at length herein.

43. On or about February 26, 2015, at approximately 7:30 P.M., in front of the Benjamin Ward Central Visit Building, on Rikers Island, County of Bronx, City and State of New York, defendants PATTERSON and DOES 1-7, without probable cause, offensively touched plaintiff by grabbing him by his shoulder, pushing him against a wall and striking him with their fists and with a baton with such force as to make him lose consciousness and bleed profusely from his head and his face.

44. The aforesaid force used by defendants PATTERSON and DOES 1-7 was not reasonable under the circumstances.

45. At the aforementioned time and place, defendants PATTERSON and DOES 1-7 were acting within the scope of their employment by defendant CITY OF NEW YORK.

46. By reason of the aforementioned battery committed against him by defendants PATTERSON and DOES 1-7, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, serious, permanent and disfiguring physical injury, was unable to take employment that had been offered to him, suffered other economic injury and incurred expenses for medical treatment.

47. As a result of the battery committed upon him by defendants PATTERSON and DOES 1-7, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seeks punitive damages against defendants PATTERSON and DOES 1-7, both amounts to be determined at the trial of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS PATTERSON, VASQUEZ**
**AND THE CITY OF NEW YORK**
**(False Arrest)**

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" hereinabove as if more fully set forth at length herein.

49. On or about February 26, 2015, at approximately 7:30 P.M., in the vicinity of the Benjamin Ward Central Visit Building, which is located on Rikers Island, County of Bronx, City and State of New York, defendant PATTERSON, without probable cause therefor, forcefully, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused him to be incarcerated for approximately forty-four hours.

50. Defendant VASQUEZ acting in concert with defendant PATTERSON, falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the crimes of assault in the third degree, an A misdemeanor; menacing in the third degree, a B misdemeanor; and obstruction of governmental administration in the second degree, an A misdemeanor; and the offense of harassment in the second degree, a violation.

51. Plaintiff was falsely, maliciously, wrongfully, unlawfully and illegally kept in confinement at a facility located on Rikers Island, the Vernon M. Bain Center and Bronx Central Booking for approximately forty-four hours, and was falsely, maliciously, wrongfully, unlawfully and illegally deprived of proper medical care.

52. At the time they committed the aforementioned acts of false arrest and false imprisonment, defendants PATTERSON and VASQUEZ were acting within the scope of their employment by defendant CITY OF NEW YORK.

53. By reason of the false arrest and false imprisonment committed against him by defendants PATTERSON and VASQUEZ, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered a deprivation of his liberty; suffered, and continues to suffer, serious, permanent and disfiguring physical injury; incurred expenses for legal representation; was unable to

take employment that had been offered to him; suffered other economic injury; and incurred expenses for medical treatment.

54. As a result of the false arrest and false imprisonment committed upon him by defendants PATTERSON and VASQUEZ, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seeks punitive damages against defendants PATTERSON and VASQUEZ, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiff, STEVE FOUCHE, demands judgment against defendants, CAPTAIN REGINALD PATTERSON, Shield No. 1306, C.O. EPIFANIO VASQUEZ, Shield No. 534, C.O. "JOHN DOES" 1-7 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: An amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action; and

SECOND CAUSE OF ACTION: An amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seeks punitive damages against defendants PATTERSON and DOES 1-7, both amounts to be determined at the trial of this action; and

THIRD CAUSE OF ACTION: An amount sufficient to compensate him for his damages as enumerated hereinabove and, in addition, seeks punitive damages against defendants PATTERSON and VASQUEZ, both amounts to be determined at the trial of this action.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
May 24, 2016

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No: 2324